UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:17 CR 435 CDP |
| | ) | |
| DENNIS M. SULLENTROP, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant Dennis M. Sullentrop, Jr.'s motions to suppress physical evidence and statements. Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate John M. Bodenhausen, who held a hearing and then recommended that the motions be denied. Defendant filed timely objections. I have conducted *de novo* review of the motions to suppress, including reviewing the motions and the law and the transcript of the hearing before Judge Bodenhausen. I have also reviewed exhibits 7 through 15 that were presented at the hearing.[1] I conclude that the motions to suppress should be denied. Over the objections of the defendant, I will adopt the Report and Recommendation of Judge Bodenhausen.

---

[1] I have not reviewed exhibits 1 through 6, as they are not necessary for a determination of the issues on the motions to suppress.

## Background[2]

Defendant Dennis M. Sullentrop, Jr. was arrested on January 1, 2017, after police were summoned to his home because another person had discovered suspected child pornography on defendant's cell phone. When police arrived the other person provided them with the cell phone and showed them some images. After viewing the images shown to them, police retained the phone as evidence and did not examine it further at that time. The person providing the phone told police that he had been given permission by defendant to use the phone and that defendant had previously provided him with the password. Defendant, who was sleeping inside, was awakened and arrested. After being given *Miranda* warnings he made certain statements. He made additional statements while in custody two days later.

The police obtained a state search warrant for defendant's home. Although the affidavit in support of the warrant application discussed the cell phone and evidence already seen on it, the warrant itself did not specifically list the cell phone as an item to be searched. The warrant did authorize a search for other electronic devices ("DVDs, DCs, video cassettes, mass storage devices (i.e. hard

---

[2] This is a summary of the facts based on the testimony at the suppression hearing; I am not repeating all the factual findings and legal conclusions of the Magistrate Judge, as I conclude that they are all correct.

drive, computers, jump drives, etc.")).  After obtaining the warrant the police searched the house and seized certain drug-related evidence, but found no further evidence of child pornography.  They also searched the cell phone and discovered additional images of child pornography.

At some point the county police contacted federal authorities.  An FBI agent prepared an affidavit in support of a federal search warrant and a federal warrant was issued authorizing a search of the cell phone.  The affidavit accurately described how the police obtained the telephone and that they had seen images of child pornography on it when it was provided by the third person.  The affidavit stated that on the day of the arrest the police officer "seized the cellular telephone and no additional examination was done."  It also described the state warrant to search the home and stated:  "The search [of the home] did not yield any additional items of evidentiary value relating to sodomy or child pornography."  The federal application did not inform the issuing Magistrate Judge that the cell phone had been searched later and that additional items of child pornography had been found.  After obtaining the federal warrant, law enforcement conducted a forensic search of the cell phone and found additional items of child pornography.

## Discussion

After conducting the evidentiary hearing, Judge Bodenhausen filed a 39 page Report and Recommendation. My *de novo* review shows that his description of the facts is fully supported by the evidence that was presented. I also credit the testimony of the witness over that of the defendant regarding whether the witness has permission to be in the home and to use the cell phone, and regarding how the witness knew the phone's password. Additionally, Judge Bodenhausen's conclusions of law are entirely correct.

The officers' initial warrantless seizure and viewing of the cell phone on January 1, 2017 is justified by the private search exception to the warrant requirement. Specifically, the person who provided the phone to the police and showed them the initial images of child pornography had possession of it, indicated that defendant had authorized his use of it and had provided the password, and was not acting on behalf of law enforcement when he viewed the images. Thus, the images the person showed the police should not be suppressed.

The examination of the other images and videos later found on Sullentrop's cell phone were obtained in good-faith reliance on a valid state search warrant. Although the warrant application did not specifically include the cell phone as an item to be searched, the officer who prepared the affidavit fully intended it to

cover the phone, and believed that it did cover that phone. Because the search was done in good-faith reliance on a valid search warrant, this evidence should not be suppressed.

Moreover, the federal search warrant provided an independent source of this additional cell phone evidence. That warrant application did not mention that officials had already found additional child pornography on the telephone, but instead relied only on the initial images that were shown to the arresting officers by the witness. Although defendant argues that this was a false statement warranting a further hearing, he is not correct. The things that were omitted from the federal affidavit would have bolstered the probable cause for the federal warrant; they would not have detracted from it. This was a correct procedure to assure that the issuing Magistrate Judge evaluated the evidence without considering evidence obtained by a potentially invalid state search of the phone.

Finally, the evidence shows that both of Sullentrop's statements were made voluntarily after he had been given oral and written *Miranda* warnings, and there is no basis for suppressing those statements.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [50] is **SUSTAINED, ADOPTED, and**

**INCORPORATED** herein, and defendant Dennis M. Sullentrop's Motions to Suppress Physical Evidence and Statements [25, 33] are **GRANTED**.

**IT IS FURTHER ORDERED** that this case has been set for trial on the two-week docket beginning **Monday, September 17, 2018 at 8:30 a.m. in Courtroom 14 South.**

**IT IS FURTHER ORDERED** that a final pretrial hearing and hearing to make a record of any plea offers or concessions offered by the United States will be held on **Tuesday, August 28, 2018 at 2:30 p.m. in Courtroom 14 South.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2018.